### BEALS v. ILLINOIS, M. & T. R. Co. and others.[1]

*(Circuit Court, E. D. Missouri.* April 15, 1886.)

CORPORATIONS—BONDS—DEED OF TRUST—DECREE DECLARING VOID—FRAUD.

A decree declaring a deed of trust and bonds secured thereby invalid, entered in a suit to which the trustee named in such deed of trust is joined as a party defendant in his individual capacity, cannot be attacked on the ground of fraud and collusion, after the property has been transferred for value to a purchaser without notice, by a bondholder who was not made a party, in a suit to have such property applied to the payment of his bonds.

In Equity. Motion by defendant for decree on bill, plea, and replication.

This is a suit brought against the Illinois, Missouri & Texas Railway Company, the Cape Girardeau & State Line Railroad Company, the Cape Girardeau Southwestern Railroad Company, and others, by the complainant, as owner of 68 outstanding coupon bonds, issued by the Illinois, Missouri & Texas Railway Company, and secured by a deed of trust upon all the property and franchises of the Cape Girardeau & State Line Railroad Company. The complainant alleges that he purchased said bonds in good faith, for value, and without notice, before they were due, and that interest thereon is past due, and unpaid; and he asks that the property covered by said deed of trust be applied to the payment of his bonds, and for other relief. It appears, however, from the bill and other pleadings, that the bonds in suit here, together with all others of the same issue, and the deed of trust securing them, have been held by the circuit court of Cape Girardeau county, Missouri, to be void, as against the Cape Girardeau & State Line Railroad Company, in a suit brought by said company for the purpose of having them declared void, and in which the Illinois, Missouri & Texas Railway Company, Frederick Winston, the survivor of the trustees named in said deed of trust, and all known bondholders, were joined as defendants; and that the Cape Girardeau Southwestern Railway Company purchased all the property described in said deed of trust from the Cape Girardeau & State Line Railroad Company, for value, after said decree was entered in said suit, and without notice of any fraud or collusion in obtaining it. The present complainant claims that said decree was in fact procured by collusion and fraud; and that he was not a party to the suit in which it was obtained, and was not represented therein by said Winston, because, though the latter was joined as a party defendant, it was in his individual capacity, and not as trustee, and was not served with process, and did not plead as trustee, but only as an individual, and failed to make any defense to the suit in his capacity as trustee, though he knew that said bonds were lawfully issued, and

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

that the deed of trust was valid, and that a good defense could be made.

*H. H. Dennison* and *A. G. Vanderpoel,* for complainant.

*Geo. D. Reynolds,* for the Cape Girardeau S. W. Ry. Co. and the Cape Girardeau & S. L. R. Co.

*Thos. C. Fletcher, pro se;* the Illinois, Missouri & Texas Railway Company, and George C. Thilennies.

TREAT, J., *(orally.)* I do not propose this morning to go through a detailed consideration of the record in this case. It suffices that the second railroad corporation, which was the successor of the first railroad corporation, issued bonds. The subject-matter of the validity of those bonds was fully heard in a court of competent jurisdiction, and the bonds were pronounced void. Now, here is an attempt to charge the successor of the second corporation with those bonds, which have already been pronounced invalid, without any allegations that would enable the court to fasten on the third corporation void obligations. I cannot understand the theory of the bill to be within any rule of law or equity, and it suffices that the state of the record shows that there is nothing to charge these parties defendants with any of those obligations.

The decree of the court will be that the bill be dismissed, with costs.